**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Nicholas Lee Parker, # 320005, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Matthew Modica & Dori Biagianti, )<br>)<br>Defendants. )<br>_____) | C.A. No.: 9:08-0331-PMD-GCK<br><br>**ORDER** |

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiffs' above-captioned case without prejudice and without issuance and service of process. The record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On March 5, 2008, Plaintiff filed timely objections in response to the R&R.

**BACKGROUND**

Plaintiff Nicholas Lee Parker ("Plaintiff" or "Parker") is currently an inmate serving a sentence at Broad River Correctional Institution ("BRCI") for a kidnapping conviction. Plaintiff asserts that his constitutional rights were violated, and asserts a claim for relief under 42 U.S.C. § 1983. In his Complaint, Plaintiff makes two allegations: (1) that he did not receive a speedy trial; and (2) that one of the Defendants, Georgetown County assistant solicitor Matthew Modica ("Modica"), made false statements regarding Plaintiff's criminal history to a magistrate at a pretrial

---

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

detention hearing. Modica's co-defendant, Dori Biagianti ("Biagianti"), is also a Georgetown County assistant solicitor.

United States Magistrate Judge George C. Kosko ("the Magistrate Judge") filed an R&R on February 20, 2008, recommending that this Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff filed Objections to the Magistrate Judge's R&R on March 5.

## STANDARD OF REVIEW

### I. Magistrate Judge's Report & Recommendations

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter." Fed. R. Civ. P. 72(b). The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report, the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the

entire record, the R&R, and Plaintiff's Objections. The Magistrate Judge fairly and accurately summarized the facts in this case and this Court incorporates the R&R's recitation of the facts by specific reference.

## ANALYSIS

### I.     Invalidating Plaintiff's Conviction

Plaintiff seeks damages based on his allegation that he was deprived of his right to a speedy trial. (Complaint at 3.) Plaintiff has objected to the Magistrate Judge's recommendation to this court that this claim be dismissed, stating merely that "[i]t is clear Plaintiff desires a trial on the issues raised on his claim." (Objections at 1.) However, the Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first successfully be challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.). A prisoner's damages claim that would "necessarily require [him] to prove the unlawfulness of his conviction or confinement" cannot be brought under § 1983. *Id.* Because a claim for damages that does not bear a relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983, Plaintiff may not recover monetary damages until the imprisonment is first successfully challenged.

Most importantly, the Supreme Court held in *Heck* that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff(s) would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff(s) can demonstrate that the conviction or sentence

has already been invalidated." 512 U.S. at 487. In this case, Plaintiff is asserting that the state court did not give him his right to a speedy trial. The appropriate method for asserting such a claim is to directly appeal his conviction in state court, not to bring a § 1983 action in federal court.

If Plaintiff's direct appeal is unsuccessful, he still has the opportunity to file an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. (1976). Furthermore, if Plaintiff's application for PCR is denied or dismissed, he can then file an "appeal" (petition for writ of certiorari) in that PCR case. *See* S.C. Code Ann. § 17-27-100 (1976). If Plaintiff seeks habeas relief in federal court, he must file an action pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 481 ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.") Accordingly, Plaintiff's claims should be dismissed without prejudice pursuant to *Heck*.

## II.    Immunity

Even if this court was otherwise entitled to proceed on Plaintiff's § 1983 claim, the Solicitors sued in this action are entitled to summary dismissal. In his R&R, the Magistrate Judge found that all claims should be dismissed because Plaintiff fails to name a defendant subject to suit under 42 U.S.C. §1983. The Solicitors who handled Plaintiff's criminal proceedings are entitled to summary dismissal because those claims seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(2).

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, including a criminal trial. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v Pachtman*, 424 U.S. 409, 430 (1976) (stating prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 motions).

In his Objections to the R&R, Plaintiff asserts a bare objection to the Magistrate Judge's

recommendation that this court rule that Defendants are immune from Plaintiff's § 1983 suit because of the doctrine of prosecutorial immunity, and reiterates his contention that Defendants' actions deprived him of his due process rights. (Objections at 1-2.) In his original Complaint, Plaintiff alleged that Modica made false statements about his criminal history before a magistrate at a pretrial detention hearing, which resulted in the magistrate wrongfully denying Plaintiff the ability to post bail. (Complaint at 3-4.) However, as the Magistrate Judge correctly noted, it is well-settled that both solicitors are entitled to absolute immunity in their roles. *See Weller v. Department of Social Services for City of Baltimore*, 901 F.2d 387 (4th Cir. 1990) (holding where Plaintiff alleges withholding or falsifying evidence by a solicitor, "even if such claims are true, they do not state a claim for damages under § 1983."). Accordingly, Plaintiff's claims against Defendants fail as a matter of law.

## CONCLUSION

It is, therefore **ORDERED**, for the foregoing reasons that Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 21, 2008.**